JAMES A. PETRIE v. PENNSYLVANIA RAILROAD COMPANY.

The plaintiff was riding in the cars, by virtue of a ticket that did not give him the right to a discontinuous passage. Having stopped at an intermediate point, and having entered another train, he claimed the right to continue his journey on such ticket, under permission given by a *conductor* of the first train. Refusing to pay his fare, he was put off, it appearing that only train agents had the power to modify the force of such tickets. *Held*, such expulsion was justifiable, although, at the trial, the plaintiff testified that it was, in point of fact, a train agent, and not a conductor, that had given him the privilege claimed.

---

On motion for new trial.

Argued at June Term, 1880, before, BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

VOL. XIII.          2 F

For the motion, *Scudder & Vredenburgh.*

Contra, *F. McGee.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.     The rule must be made absolute in this case.     The suit is in trespass, founded on an alleged illegal expulsion of the plaintiff from the cars of the defendant.     It is not necessary to refer to more than a few facts, in order to show on what ground the action of the court has been based.

The plaintiff had a passenger ticket, issued by the defendant, which, upon its face, and according to its intrinsic effect, did not authorize him, after having stopped at a place intermediate the designated termini, to use it for the purpose of continuing his journey.     Nevertheless, he did so stop, and, on a subseqent day, having entered into a car in another train, was told by the train agent that the ticket in question did not give him the right to continue his journey under it, and that he must, consequently, pay his fare.     He then informed the train agent that the *conductor* of the train which he had left, informed him that he could have the privilege of lying over on this ticket, and in attestation of such statement, had put his initials on the ticket.     It will be perceived, therefore, that the claim made by the plaintiff at the time of the transaction in question, was that, although his ticket did not give him the privilege which he had exercised, still he had acquired such privilege from one of the *conductors* of the defendant. This is the title he made at the critical time, and, as it was this title that was repudiated, and as the defendant's agent acted in such repudiation, it is too late now for the plaintiff to change his ground, and say that it was some other agent of the defendant who gave him the privilege in question.     The defendant, upon setting up this claim, and refusing to pay his fare, was put off the train.

The evidence showed, conclusively, that the claim thus presented by the plaintiff was not well founded.     It appeared

that the conductor of the train had nothing to do with the tickets, nor any authority to modify their signification. That was a function vested exclusively in the *train agents*. There was neither uncertainty nor contradiction, with respect to the testimony on this point. The plaintiff set up, as his title to the right claimed by him, an authority derived from a conductor. That officer had no authority in the premises, and the consequence was that, according to his own showing, at the time of the alleged trespass, he was asserting a claim that had no foundation in law. He was, consequently, rightfully expelled from the cars, and there was no excess of force pretended.

A new trial must be granted.